## Case No. 16,449.

### UNITED STATES v. TEN EYK.

[4 McLean, 119.] [1]

Circuit Court, D. Michigan. June Term, 1846.

UNITED STATES MARSHALS—ADVANCES OF MONEY FOR TAKING CENSUS.

1. A marshal who in taking the census advances money to pay the expense, after repeated attempts to obtain it from the proper department, may retain the amount thus paid, of the public money, in his hands.

2. And this may be done although the government has paid the deputies a second time, it having had previous notice of the payment by the marshal.

3. These facts being found by the jury, they found, under the instructions of the court, a verdict for the defendant, who was sued, as late marshal.

At law.

Mr. Bates, U. S. Dist. Atty.
Mr. Romeyn, for defendant.

McLEAN, Circuit Justice. This action is brought by the United States against the defendant [Ten Eyk], as late marshal, to recover a balance of public money alleged to be in his hands. From the evidence, it appears that while the defendant was marshal, the census was taken. He appointed his deputies, and the work was completed. But the government made no advance to him on that account. He raised the money and paid the deputies, of which he informed the government. Until he had made repeated efforts to obtain the money from the government, he did not borrow to pay his deputies. The defendant was removed from office, and his successor was appointed, who, although notified of the payments made by the defendant, went on under the instructions of the department to pay the deputies over again. There was nothing made to appear that the late marshal had acted unfairly or improperly, in

[1] [Reported by Hon. John McLean, Circuit Justice.]

the discharge of his duties. If he was at all censurable, it was for indulging in a- higher solicitude for the public service, and for the compensation of men who had labored for the government, than appears to have been felt by his superiors at Washington. The instructions to pay the deputies, who had been paid by the late marshal, of which the department had notice, were reprehensible.

THE COURT instructed the jury, that if the payments were made to the deputies who took the census, by the defendant, and the government, as well as his successor, had notice of such payments, it was the duty of the government to see that no more than was due, was paid to the deputies.

The jury found for the defendant.